

**ORDERED in the Southern District of Florida on December 11, 2013.**

Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                    Case No.: 13-23977 RBR
Erold Fusien                                              Chapter 13
                        Debtor
_____/

### AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANKUNITED AS SUCCESSOR TO BANKUNITED FSB

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE  22 ; the "Motion").

Based upon the agreement of the debtor and the creditor, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.      The value of the debtor's real property (the "Real Property") located at

 1 NE 70 Street, Miami FL 33138, and more particularly described as

LF-92 (rev. 01/08/10)

Lot 25 less the following portion thereof, Begin at the NW corner of Lot 25 ion Block 2, of "Dupont Addition" according to the Plat thereof, as recorded in Plat Book 13, at Page 56, of the Public Records of Miami-Dade County Florida, thence run South along the West line of said Lot for a distance of 16.94 feet to the Point of Curvature of a circular curve concave to the SE; thence run Northeasterly along the arc of said circular curve having a radius of 1469.75 feet, to the Point of intersection with the North line of said Lot 25; thence run West along the North Line of said Lot 25 for a distance of 0.07 feet to the Point of Beginning; and Lot 26, in Block 2, of "Dupont Addition" according to the Plat Records of Miami-Dade County, Florida. Tax Id 01-3113-057-0240.

is $ 70,000.00 at the time of the filing of this case.

B.    Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $ 70,000.00 .

3.    (Select only one):

   ____    Lender has not filed a proof of claim in this case.  The trustee shall not

   disburse any payments to Lender unless a proof of claim is timely filed.   In

   the event a proof of claim is timely filed, it shall be classified as a secured

   claim in the amount stated in paragraph 2, above, and as a general unsecured

   claim for any amount in excess of such secured claim, regardless of the

   original classification in the proof of claim as filed.

or

   __x__    Lender filed a proof of claim in this case.   It shall be classified as a secured

   claim in the amount provided in paragraph 2, above, and as a general

   unsecured claim in the amount of $  172,325.96 , regardless of the original

   classification in the proof of claim as filed.

4.    The Real Property may not be sold or refinanced without proper notice and further

LF-92 (rev. 01/08/10)

order of the Court.

5.      Notwithstanding the foregoing, this Order is not recordable or enforceable until the

debtor receives a discharge in this chapter 13 case.

###

Submitted By:
Alberto M. Cardet, P.A.
1330 Coral Way #301
Miami FL 33145
305-403-7783

Attorney Alberto M. Cardet   is directed to serve a conformed copy of this Order on all interested
parties immediately upon receipt hereof and to file a certificate of service.

LF-92 (rev. 01/08/10)